SAVOY, Judge.
This is a suit by plaintiff against defendant for a money judgment resulting from a sale by plaintiff to defendant of string bean seeds. In connection with said sale of bean seeds, the parties to this litigation entered into a written contract whereby plaintiff agreed to furnish to defendant seeds to plant 75 acres of string beans of a specified variety. Plaintiff agreed to harvest the beans without cost *925 to defendant and to pay him a specified price per ton for the beans harvested.
The pertinent provisions of the contract, as they relate to this suit, provide:
“C. It is Mutually Agreed:
“1. That beans shall be free of serious damage caused by insects, decay, scars, rust and they shall be fairly well formed as described in U.S. Standard for shape of snap beans for processing.
* * * * * *
“4. In case of disagreement, Agents of Louisiana Department of Agriculture to determine whether beans are suitable for processing.”
Plaintiff harvested the bean crop, credited defendant with beans harvested, and sent defendant a statement showing a balance due by him to plaintiff of $1,034.86. Defendant refused to pay the alleged indebtedness ; and after a trial on the merits, the district court rendered judgment in favor of plaintiff against defendant as prayed for in his petition, namely $1,034.86. Defendant has appealed.
On this appeal counsel for defendant contends that defendant is not indebted to plaintiff for the reason that plaintiff did not harvest all beans suitable for processing as required by the terms of the written contract between the parties. He states that the burden of proof is on plaintiff.
The record reveals that during the time in which the beans were planted there were excessive .rains and cold weather which caused suboxidation or loss of oxygen to the plants. A disease identified as rhizoctonia also had an adverse effect on the string bean plants. This was testified to by Mr. Moreau, a horticulture specialist with Louisiana State University Co-operative Extension Service. Because of the conditions enumerated, Mr. Moreau testified that the string bean crop in the vicinity of the defendant’s farm was adversely affected. He also testified that the crop yield was very poor.
Plaintiff testified that he commenced to harvest the land planted by defendant, and that due to the poor condition of the beans he was forced to discontinue harvesting operations. He stated that the mill buyers of the string beans usually deducted 3% of the beans delivered for dust and defective beans, but that during this particular harvest, the mills rejected approximately 25% of the beans brought to the mill for processing. After this occurred, plaintiff did not find it feasible to continue harvesting defendant’s crop of beans; that the beans remaining on the defendant’s land were not suitable for processing because of their decaying and so few were left to be picked.
There is a conflict in the testimony of plaintiff and defendant as to whether a disagreement occurred between the parties under Sections Cl and C4 of the contract. While the trial judge did not favor us with written reasons for judgment, it is apparent he agreed with plaintiff’s position in connection with the quality of the beans harvested and whether a controversy existed between the parties under Sections Cl and C4 of the agreement herein. He rendered judgment in favor of plaintiff and against defendant as prayed for. After reviewing the record, we are of the opinion that the judgment of the trial judge was justified and should be affirmed.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.
HOOD, J., dissents for reasons assigned by MILLER, J.